SMITH, Justice.
The suit, out of which this appeal arises, was begun by appellant, Grant R. Stewart, Jr., against Domestic Loans of Brookha-ven, Inc., Mississippi Brokerage, Inc., and others, by the filing of a bill of complaint in the Chancery Court of Lincoln County in which he sought to recover of the defendants various sums alleged to be due him. All of the defendants were dismissed by the trial court, except appellees, Domestic Loans of Brookhaven, Inc. and Mississippi Brokerage, Inc., and none of the other defendants are involved on this appeal.
Appellees answered the bill of complaint, and made the answer a cross-bill in which they interposed a number of counter-claims and setoffs.
There was a lengthy trial during the course of which voluminous evidence, oral and documentary, was introduced by each side. All of the items comprising the respective claims, setoffs, and counter-claims were fully explored. At the conclusion of the trial, when both sides had closed, the chancellor delivered his opinion containing his conclusions of law and stating his detailed findings of fact as to each of the items. The chancellor concluded that appellant, Grant R. Stewart, Jr., was entitled to recover of appellees, Domestic Loans of Brookhaven, Inc. and Mississippi Brokerage, Inc., after giving credit to the latter for all items which he found had been established by the evidence, a balance of $539.93, and a decree was entered against them accordingly. Grant R. Stewart’s appeal is from that decree.
We have carefully examined the record and are of the opinion that the findings of fact of the chancellor were correct and supported by the evidence, and that he correctly applied the law, except as to an item of $340.79, alleged by appellees to have been received by Stewart in his capacity as manager and wrongfully converted to his own use. As to this item, we think that the proof failed to meet the requirement that *445 where a claim is made upon allegations amounting to a charge of fraud or embezzlement, proof to establish it must be clear and convincing before recovery may be allowed. Allen v. Thompson, 248 Miss. 544, 158 So.2d 503 (1963); McMahon v. McMahon, 247 Miss. 822, 157 So.2d 494 (1963). We have concluded that the proof as to this item did not meet that standard, and that the chancellor was in error in giving appellees credit for it.
The decree of the lower court will be modified to the extent that the amount of the judgment entered by the trial court against appellees is increased by that amount to a total of $880.72, and, as so modified, the decree will be affirmed.
Affirmed, as modified.
ETHRIDGE, C. J., and RODGERS, BRADY, and PATTERSON, JJ., concur.